JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

JOSEPH WIDBY,

        Petitioner,

        v.

PAT HORN, Warden,

        Respondent.

Case No. CV 23-5637 MWF (MRW)

**ORDER DISMISSING HABEAS ACTION**

**FRCP 41**

      The Court dismisses this habeas action for failure to prosecute and failure to obey court orders.

* * *

      1.    This is a habeas action involving a state prisoner. In 2015, Petitioner was convicted of assault with a deadly weapon, other charges, and various sentencing enhancements. The trial court sentenced

1  Petitioner to a term of 21 years in prison.  (Docket # 13 at 3.)  The state
2  appellate court affirmed the conviction in 2017.[1]

3      2.     In mid-2023, Petitioner filed this habeas action in federal court
4  challenging his conviction and sentence.  (Docket # 1.)  Magistrate Judge
5  Wilner screened the petition and directed the California Attorney General
6  to respond to it by answer or motion.  (Docket # 8.)

7      3.     In October 2023, the Attorney General moved to dismiss the
8  action on timeliness and exhaustion grounds.  (Docket # 13.)  Notably, the
9  Attorney General contended that the AEDPA statute of limitations
10 governing review of Petitioner's conviction expired approximately four
11 years before he commenced the federal action.

12     4.     Judge Wilner's original screening order informed Petitioner of
13 his obligation to respond to a dismissal motion within 30 days.  (Docket # 8
14 at 2.)  Petitioner failed to file any timely response to the motion.

15     5.     Judge Wilner then issued an order to show cause why the
16 action should not be dismissed.  (Docket # 15.)  The order warned
17 Petitioner that failure to respond would "result in a recommendation that
18 the action will be dismissed pursuant to Federal Rule of Civil Procedure
19 41(b)" for failure to prosecute the action.  Petitioner did not respond to the
20 Court's OSC, either.

21                                                   * * *

22     6.     Rule 41(b) provides that if a plaintiff "fails to prosecute or to
23 comply with these rules or a court order, a defendant may move to dismiss

---

[1] The Attorney General contends that Petitioner did not file a petition for review in the state supreme court.  However, a review of the court's online docket reveals that Petitioner did seek review (which was denied) in 2022. (People v. Widby, No. S274699 (Cal. 2022).)  Given the delay in seeking review and the volume of habeas actions that Petitioner filed at various levels of the state court system (Docket # 14 at 2), though, it is likely that his supreme court filing was untimely.  Because this action will be dismissed due to Petitioner's failure to prosecute, it is unnecessary for this federal court to evaluate the propriety of Petitioner's state court submissions.

2

the action or any claim against it." Dismissal also may be ordered by the Court "sua sponte for failure to prosecute." Dietz v. Bouldin, 579 U.S. 40, 47 (2016); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

7. Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Additionally, a court must consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 890 (9th Cir. 2019); Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011).

8. In the present action, dismissal is appropriate. Petitioner did not respond to the Attorney General's original dismissal motion or a follow-up court order regarding this action. The magistrate judge expressly advised Petitioner that he risked dismissal of his case if he did not act. Petitioner's failure to respond to the motion or the Court's order demonstrates that he has no interest in advancing the action here.

9. By contrast, the Court, the state, and the public have a strong interest in terminating this action. This is particularly true given that Petitioner effectively abandoned his case by not responding to the Court's orders or the Attorney General's dismissal motion regarding the apparent untimeliness of the action. Furthermore, because Petitioner is a pro se litigant who did not abide by the Court's recent order, no sanction short of dismissal will be effective in moving this case forward. Applied Underwriters, 913 F.3d at 890.

10. Accordingly, this action is DISMISSED with prejudice. See Fed. R. Civ. P. 41(b) (dismissal under rule ordinarily "operates as an adjudication on the merits").

IT IS SO ORDERED.

Dated: March 11, 2024

_____
MICHAEL W. FITZGERALD
United States District Judge

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE